```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
TANA JUARBE,

                Plaintiff,              :    05 Civ. 1138 (TPG)(ts)

        - against -                     :    OPINION

KMART CORPORATION,                      :

                Defendant.              :
------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/17/05

## **INTRODUCTION**

This is a negligence action in which plaintiff seeks damages for injuries allegedly suffered while in defendant's store.

Plaintiff Tana Juarbe is a citizen of the state of New York. Defendant Kmart is a corporation incorporated in the state of Michigan with its principle place of business in the state of Michigan.

The action was originally filed on January 31, 2005 in New York Supreme Court, Bronx County, where plaintiff claims to have been injured.

Defendant timely filed a notice on February 2, 2005 removing the case to the Southern District of New York.

Plaintiff now moves under 28 U.S.C. §1447(c) to remand the case, on the ground that defendant has not met its burden to show that the amount in controversy exceeds $75,000.

The motion is denied.

## PLAINTIFF'S CLAIM

Although the complaint alleges personal injury, it does not in fact specify what injury plaintiff suffered and how it occurred. However, there are numerous allegations about defendant's responsibility for the escalators in its store. Thus, the injury presumably had something to do with the escalators, although the complaint does not claim precisely what transpired.

However, there are allegations about serious injuries. In her complaint plaintiff asserts that she suffered "severe and serious personal injuries to mind and body" and was subjected to "great physical pain and mental anguish" as a result of the defendant's negligence, carelessness and recklessness. The complaint also alleges that plaintiff was "severely injured and damaged, sustained severe nervous shock, and emotional upset, some of which injuries are believed to be permanent in nature and duration." It is also alleged that plaintiff will be "permanently caused to suffer pain, inconvenience and other effects of such injuries." Furthermore, the complaint states that plaintiff has incurred and "in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries" and that she will be unable to pursue her "usual duties with the same degree of efficiency as prior to this accident."

The complaint contains no request for any specific dollar amount of damages and merely alleges in paragraph 25 that "due to defendant's negligence, plaintiff is entitled to damages in an amount that exceeds the jurisdiction of all

lower courts." The prayer for relief repeats this formulation.

Defendant offered to stipulate to remand the case to state court if plaintiff would agree to limit her total recovery to $75,000. A stipulation was sent to plaintiff's attorney but was not executed or returned.

## **DISCUSSION**

Where the pleadings do not establish the amount in controversy and "where ... jurisdictional facts are challenged, the party asserting jurisdiction must support those facts with 'competent proof' and justify its allegations by a preponderance of the evidence." United Food Commercial Workers' Union v. CenterMark Properties Meridian Square, Inc., 30 F.3d 298, 305 (2d Cir. 1994). A defendant need not prove the amount in controversy to an absolute certainty. Instead, defendant "has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir. 2000).

Plaintiff's complaint alleges severe and serious personal injuries to mind and body, great physical pain and mental anguish, and severe nervous shock. Plaintiff alleges that some of these injuries are believed to be permanent in nature and duration, and that her ability to earn her living will be impaired. Furthermore, the complaint states that plaintiff has incurred hospital expenses and will continue to incur such hospital and medical expenses in the future with further treatment. These allegations indicate a likelihood that the $75,000 threshold will be met.

supported by the fact that defendant sent plaintiff an offer to stipulate to remand the case to state court if plaintiff would agree to limit her total recovery to $75,000 and the offer was not executed or returned.

SO ORDERED.

Dated:  New York, New York
        August 15, 2005

_____
THOMAS P. GRIESA
U.S.D.J.